UNITED STATES, Appellee,

v.

George E. BRANDELL, Private
First Class U.S. Marine
Corps, Appellant.

No. 67,242.
NMCM 89 2045.

U.S. Court of Military Appeals.

Argued June 2, 1992.

Decided Sept. 25, 1992.

For Appellant: *Major Richard T. McNeil*, USMC (argued); *Lieutenant David P. Sheldon*, JAGC, USNR (on brief).

For Appellee: *Captain Laulie S. Powell*, USMC (argued); *Colonel T.G. Hess*, USMC and *Lieutenant Commander Lawrence W. Muschamp*, JAGC, USN (on brief).

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of 26 specifications of dishonorable failure to maintain sufficient funds for payment of checks, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, and other offenses not at issue before this Court. The approved * sentence provides for a bad-conduct dis-

---

* Note that the Action of the Convening Authority erroneously refers to this case as a special court- martial. The Action should be corrected.

charge, confinement for 24 months, total forfeitures, and reduction to the lowest enlisted grade. The Court of Military Review affirmed the findings and sentence. 33 MJ 723 (1991).

We granted review of the following modified issue:

WHETHER THE COURT OF MILITARY REVIEW ERRED IN RULING THAT PROSECUTION EXHIBITS 26–51 AND 53 WERE ADMISSIBLE.

The prosecution case consisted of photocopies of checks (prosecution exhibits 26–51) and photocopies of bank statements (prosecution exhibit 53). Attached to the bank statements was a typed note, signed by Annette Pipi, Assistant Cashier and Manager, USMCAS Branch, Bank of Hawaii. The note reads, "I hereby certify that the attached bank statements of George E. Brandell, account # 14–361642, for the months of September 1987 thru February 1988 are full, true and accurate copies of the original." Ms. Pipi did not testify.

The defense objected to the photocopies of checks and bank statements as follows:

Your Honor, I'll start with the checks. The defense feels that the Government has failed to lay a foundation.... The defense objects also to these checks on an authenticity basis, that they aren't the best evidence. The Government has the original checks. It did not put them into evidence and these copies, much of the data on them is unreadable and the signatures and places are not clear. The stamps on these checks are hearsay and require a witness to be brought into evidence. It's the defense's feeling that these checks aren't covered by any UCC exception because they are not commercial paper, they are merely xeroxed. If you submitted these at a bank they would be refused. On the stamps, Your Honor, they are inadmissible as hearsay.... The defense feels that since these are duplicates we feel that they aren't admissible on an authenticity basis. We feel that there is a legitimate objection to the fact that they are genu-

ine.... Yet if you'll look at these checks, Your Honor, the stamps are illegible and the defense feels that it isn't an exact duplicate....

\* \* \* \* \* \*

We object to the bank records on two grounds, Your Honor. Authenticity and foundation. As far as authenticity goes, Your Honor, this Exhibit has what pretends to be a certificate of authentication but the defense feels that this doesn't meet the requirements necessary; that this certification letter was not done by a records custodian nor an assistant records custodian, it was done by a bank manager. The prosecution has made no showing that this bank manager was a records custodian as well, according to the Exhibit....And the defense feels that these bank records are in no way self-authenticating.

Trial counsel argued that the photocopies were admissible as duplicates and that the photocopies of the checks were admissible as commercial paper. After a short recess, defense counsel requested and received an opportunity to argue further:

We'd like a chance to clarify our objection. The defense feels it might have rambled the first time. The defense feels that it is a three-prong objection, starting out, Your Honor, with foundation. We feel there has been absolutely none laid. The second prong being hearsay; that the stamps on these checks— this is in regard to the checks, Your Honor. The stamps on the checks stating there are insufficient funds and other info require a foundation in order to be admissible and that *Matthews* is the ruling law on this point. As for authenticity, Your Honor, the trial counsel says that these signatures are presumed to be PFC Brandell's and that there is no question that has been raised that they are genuine. The defense feels that there is a question that they are genuine....The defense also feels that since PFC Brandell has not pled guilty, he is not admitting that he made the signature, that puts it in question, Your Honor. The

defense feels that the checks are fuzzy and unreadable and that puts their authenticity into question.... The defense feels that the UCC doesn't apply to these checks since they are not commercial paper and are carbon copies.... In conclusion, Your Honor, the defense feels that the prosecution—that if these checks are admitted the prosecution must establish that these duplicates are authentic and that the originals are unavailable in accordance with Rule [of Evidence] 1004. And as to the bank records, Your Honor, the defense once again contends that these bank records are not self-authenticating, number one, and number two, the certificate of authentication is no good because a manager doesn't necessarily equal a records custodian. There has been no showing by the prosecution that she is a records custodian and under Military Rule of Evidence 902(4a) ... government records are required to have a letter of certification prepared and signed by a records custodian....

The court below held that "the hearsay objection" to the stamps on the checks "was incorrectly overruled" but that "a careful reading of the defense counsel's battery of objections reveals that a hearsay objection to the bank statements was not among them." 33 MJ at 726 (footnote omitted). The court below therefore held that the hearsay objection to the bank statements was waived. After evaluating the evidence without considering the stamps on the checks, the court below concluded that the error in admitting the bank statements was harmless. *Id.* at 726.

We hold that the hearsay objection to the bank statements was not waived and that the photocopies of the checks and of the bank statements were inadmissible. Accordingly, we reverse the decision of the Court of Military Review.

█ Five rules of evidence are involved in this case: Mil.R.Evid. 901, Manual for Courts–Martial, United States, 1984 (authentication); Mil.R.Evid 902(9)(self-authenticating commercial paper); Mil.R.Evid. 1003(duplicates); Mil.R.Evid. 803(6)(business-record exception to hearsay rule); and Mil.R.Evid. 103(a)(1)(waiver of objections to evidence).

Regarding authentication, Mil.R.Evid. 901 provides:

> The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

Certain documents are "self-authenticati[ng]." Mil.R.Evid. 902(9) eliminates the need for authentication by "[e]xtrinsic evidence" for "[c]ommercial paper, signatures thereon, and documents relating thereto to the extent provided by general commercial law."

In this case the prosecution contended that the photocopies of checks were self-authenticating. Checks are self-authenticating as commercial paper under Mil.R.Evid. 902(9). *United States v. Hawkins*, 905 F.2d 1489, 1494 (11th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 707, 112 L.Ed.2d 696 (1991); *United States v. Little*, 567 F.2d 346, 349 n. 1 (8th Cir.1977), *cert. denied*, 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed.2d 60 (1978). In this case, however, the prosecution did not present the original checks but, instead, presented what purported to be photocopies of checks. Appellate government counsel have presented no legal authority, and we have found none, for the proposition that photocopies of checks are commercial paper within the meaning of Mil.R.Evid. 902(9). Defense counsel aptly pointed out at trial that a photocopy of a check cannot be negotiated. We hold that the photocopies of checks (prosecution exhibits 26–51) do not qualify as self-authenticating "commercial paper" within the meaning of Mil.R.Evid. 902(9).

Turning next to admissibility of photocopies of the checks, Mil.R.Evid. 1003 provides that "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circum-

stances it would be unfair to admit the duplicate in lieu of the original." Mil. R.Evid. 1001(4) includes photocopies in its definition of "duplicate." Considering Mil. R.Evid. 902(9) together with Mil.R.Evid. 1001(4) and 1003, we conclude that a photocopy of a check is admissible to the same extent as the original but is not self-authenticating. What is missing in this case is extrinsic evidence that the photocopies of the checks are accurate reproductions of the originals. Authentication is particularly important because the bank stamps on the backs of the checks are photocopied separately from the fronts and must be accurately matched to the fronts.

■ Third, we turn to the question of hearsay. Hearsay evidence contained in a properly authenticated or self-authenticating document must qualify as an exception to the hearsay rule to be admissible. Authenticating the document and establishing the basis for an exception to the hearsay rule is referred to in common parlance as "laying the foundation." *See* E. Imwinkelried, P. Giannelli, F. Gilligan, and F. Lederer, *Courtroom Criminal Evidence* § 1221 at 313–14 (1987). Part of defense counsel's "battery of objections" at trial was that the prosecution had failed to lay the foundation for its documentary evidence.

In this case the information on the face of the checks, the bank stamps on the backs of the checks, and the bank statements, if otherwise admissible, must qualify as "[r]ecords of regularly conducted activity" under Mil.R.Evid. 803(6) in order to avoid exclusion by the hearsay rule. *United States v. Dababneh*, 28 MJ 929, 935–38 (NMCMR 1989); *United States v. Hawkins*, 905 F.2d at 1494. In order to qualify as "records of regularly conducted activity" under Mil.R.Evid. 803(6), each document must qualify as:

> [a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was

the regular practice of that business activity to make the memorandum, report, record, or data compilation, *all as shown by the testimony of the custodian or other qualified witness....*

(Emphasis added.) In this case the foundation for admitting the photocopies of bank records lacked "the testimony of the custodian or other qualified witness." *See* Imwinkelried, *supra* at 70 (1991 Supp.): "[I]n the typical case the proponent will have to present some live testimony to lay the foundation." We hold, as did the court below, that the prosecution failed to lay the foundation for admitting the notations on the backs of the checks and the bank statements as exceptions to the hearsay rule.

■ Finally, we turn to the question of waiver. A defense counsel has the duty to identify the "specific ground[s]" upon which an objection to evidence is based. Mil.R.Evid. 103(a)(1); *United States v. McLemore*, 10 MJ 238, 240 (CMA 1981). Where, however, all parties at trial fully appreciate the substance of the defense objection and the military judge has full opportunity to consider it, waiver should not apply. *United States v. Fontenot*, 29 MJ 244, 246 (CMA 1989).

In this case defense counsel's rambling objection repeatedly referred to foundation and authentication. He specifically objected to the notations on the checks as hearsay but did not specifically say "hearsay" when objecting to the photocopies of the checks and the bank statements. He did not contest admissibility of the documents themselves but objected to the prosecution's failure to lay a proper foundation for admitting them. Although at trial defense counsel did not cite Mil.R.Evid 803(6) and 901 by number, we hold that he objected with sufficient specificity to preserve his objection to the prosecution's failure to authenticate the documents and lay a proper foundation for an exception to the hearsay rule. Accordingly, we hold that the court below erred in holding that defense counsel's failure to utter the incantation, "hearsay," with respect to the bank statements waived the objection.

The decision of the United States Navy–Marine Corps Court of Military Review as to specifications 25–50 of Charge III and Charge III and the sentence is reversed. The findings of guilty thereon and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing on the affected specifications and the sentence may be ordered.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.