UNITED STATES, Appellee,

v.

Sergeant James WOODARD, Jr., 265–35–2758, United States Army, Appellant.

ACMR 9300013.

U.S. Army Court of Military Review.

29 April 1994.

---

For Appellant: Major Robin L. Hall, JAGC (argued); Colonel Stephen D. Smith, JAGC (on brief).

For Appellee: Captain Kenneth G. Wilson, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Captain Glenn L. Kirschner, JAGC (on brief).

Before CREAN, MORGAN, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

GONZALES, Judge:

Pursuant to his pleas, the appellant was found guilty by a military judge of rape, sodomy, and indecent acts with his nine-year-old stepdaughter and of indecent liberties with his nine-year-old natural son in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934 (1988) [hereinafter UCMJ]. The appellant was sentenced by a general court-martial composed of officer members to a dishonorable discharge, confinement for twenty-five years, forfeiture of all pay and allowances, and reduction to Private E1. In compliance with the terms of a pretrial agreement, the convening authority approved the dishonorable discharge and confinement for eighteen years, and consistent with a post-trial request for clemency, he also suspended the forfeiture of all pay and allowances for twenty-four months on the condition that the appellant initiated and continued an allotment of not less than $900.00 per month to his wife during the suspension period.

Before this court, the appellant asserts, inter alia, that the military judge erred by admitting an irrelevant, unauthenticated copy of an affidavit by Lieutenant Colonel (LTC) Thomas J. Schmitt on sentencing. He urges this court to direct a rehearing on sentencing. We agree in part, but affirm.

### I. The Facts

After the military judge entered findings, the trial counsel offered the appellant's DA Forms 2A and 2-1, and read the stipulation of fact used during the providence inquiry to the panel members in aggravation. The government then rested.

The appellant called six witnesses, offered the testimony of a seventh witness through a stipulation, and made an unsworn statement in extenuation and mitigation. The main thrust of the defense's presentation was to emphasize treatment for the appellant and to ask the panel to adjudge a sentence that

would not be so severe that it would nullify the treatment that the appellant required.

The primary defense witness on the correlation between punishment and treatment was Major (MAJ) Larry James, the 25th Infantry Division Psychologist, who testified as an expert in psychology with an emphasis on child molesters. According to MAJ James, the longer the history a person has of committing a particular crime, the less likely he or she would benefit from treatment. Because the appellant had committed the offenses over a short two-month period, MAJ James believed there was a higher likelihood that the appellant would benefit from treatment. Furthermore, he emphasized that the appellant could benefit from a confinement facility that had a full-time treatment program. To incarcerate the appellant in a facility that did not have a treatment program for sexual offenders would not be beneficial to the appellant's rehabilitation.

During his argument on sentencing, the trial defense counsel continued with his "treatment" theme by asking the panel,

> [I]f he doesn't receive the proper treatment, he's going to go back into the civilian world the way he is.... When you determine the amount of confinement for Sergeant Woodard, take into consideration where he's going to be doing his confinement and what kind of institution that is.... We represent our country and if we do not make sure that Sergeant Woodard gets the proper treatment and doesn't spend such an excessive period of time in jail that's going to nullify the treatment, how are we serving our country?[1]

At the conclusion of the military judge's instructions to the panel on sentencing, one of the panel members submitted a written question to the court asking, "No discussion concerning treatment as part of his sentencing. What can we do as members to recommend treatment versus confinement at an institution such as Fort Leavenworth?"[2] After noting that the government had presented no evidence on any treatment program at

the United States Disciplinary Barracks (USDB), the military judge asked the trial counsel if he had any evidence to present to answer the panel member's question. The trial counsel offered a facsimile copy of a two-and-a-half-page affidavit by LTC Thomas J. Schmitt, the Director of Mental Health at the USDB [hereinafter Schmitt affidavit], that described the USDB's child sex offender treatment program in some detail.[3] The trial defense counsel objected on the basis that the affidavit was not relevant and that it was not an original. The trial defense counsel also refused to enter into a stipulation of expected testimony. The trial counsel argued that the Schmitt affidavit was relevant because it was responsive to the panel member's question and that a facsimile copy of an original was admissible under Mil.R.Evid. 1003.

The military judge admitted the Schmitt affidavit as an appellate exhibit rather than as a prosecution or defense exhibit because it was in response to a panel member's question.

The trial defense counsel then requested that he be allowed to recall MAJ James to comment on the Schmitt affidavit and to offer his opinion of the treatment program at the USDB. The military judge agreed and recalled MAJ James as a witness of the court. The military judge gave each of the seven panel members a copy of the Schmitt affidavit and had them read it before MAJ James testified.

Major James stated that the psychiatric staff at the USDB was very well qualified. However, he expressed a concern in the amount of time the Schmitt affidavit indicated an individual would be involved in treatment. Two hours a week for six months would not be a sufficient amount of treatment for the appellant. Major James added that while he believed that the appellant should be confined, his confinement should be in a facility that had an intensive treatment program for child sex offenders. Ma-

---

1. Record of trial, pp. 277–281.

2. Record of trial, p. 302.

3. There was no indication that LTC Schmitt was "unavailable" to appear as a witness as defined by Military Rule of Evidence 804 [hereinafter Mil.R.Evid.].

jor James acknowledged that he was unaware of another program in the Army that provided more treatment than the program at the USDB.

The military judge allowed the panel members to take their copies of the Schmitt affidavit with them into the deliberation room.[4]

## II. The Law

In order for the Schmitt affidavit to be admissible, it must be relevant, properly authenticated, and qualify as a duplicate of an original. More importantly, however, the Schmitt affidavit must satisfy the hearsay requirements found in Mil.R.Evid. 801–803 before it can be properly admitted into evidence. A brief review of the Military Rules of Evidence for these four requirements follows.

■ "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action probable or less probable than it would be without the evidence. Mil.R.Evid. 401; *United States v. Houser,* 36 M.J. 392, 399 (C.M.A.1993). In the context of sentencing, evidence is "relevant" if it has the tendency to establish a fact that is of consequence to the determination of an appropriate sentence under Rule for Courts–Martial 1001 [hereinafter R.C.M.]. *See United States v. Frazier,* 33 M.J. 260, 263 (C.M.A. 1991).

The requirement of "authentication" as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Mil.R.Evid. 901(a); *United States v. Brandell,* 35 M.J. 369, 371 (C.M.A.1992). Extrinsic evidence of authentication as a condition precedent to admissibility is not required with respect to documents accompanied by a certificate of acknowledgement executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgements. Mil.R.Evid. 902(8); *In re Bobby Boggs, Inc.,* 819 F.2d 574, 581 (5th Cir.1987).

A "duplicate" is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original. Mil.R.Evid. 1003; *Brandell,* 35 M.J. at 371–372. A duplicate is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniature, or by mechanical or electronic rerecording, or by reproduction, or by other equivalent techniques which accurately reproduce the original. Mil.R.Evid. 1001(4).

"Hearsay" is an out-of-court statement made by a declarant that is "offered in evidence to prove the truth of the matter asserted" in that statement. Mil.R.Evid. 801(c); *United States v. McCaskey,* 30 M.J. 188, 191 (C.M.A.1990). Hearsay is not admissible except as provided by the Military Rules of Evidence or by any act of Congress applicable in trial by court-martial. Mil. R.Evid. 802. Unless such a statement meets at least one of the specific time-tested exceptions, *see* Mil.R.Evid. 803(1)–(23) and 804(b)(1)–(4); *see also* Mil.R.Evid. 803(24) and 804(b)(5), the general rule is that hearsay is inadmissible. *McCaskey,* 30 M.J. at 191.

## III. Decision

We will first address the appellant's specific contentions concerning the relevancy, authenticity, and facsimile form of the Schmitt affidavit.

■ The defense introduced evidence on sentencing that suggested to the panel that an excessive period of confinement should not be adjudged and that the appellant should be confined in a confinement facility that offered intense treatment for child sex offenders. The panel members were not presented with any evidence concerning any child sexual offender treatment program at the USDB as part of his sentence. Pursuant to R.C.M. 801(c) and Mil.R.Evid. 614(a) and (b), a panel member sought information regarding any program at the USDB. The

---

4. The court members were not instructed that an accused must be sentenced to more than three years' confinement to be admitted to the USDB.

*See United States v. Flynn,* 28 M.J. 218 (C.M.A. 1989).

Schmitt affidavit described the child sex offender treatment program offered to inmates at the USDB. In light of Mil.R.Evid. 401 and R.C.M. 1001, we find that the challenged affidavit was responsive to the panel member's question and relevant to the determination of an appropriate sentence.

■ The Schmitt affidavit was signed by LTC Schmitt and sworn to before a notary public for the state of Kansas. We, therefore, find that the Schmitt affidavit satisfies the self-authentication requirement as a condition precedent to admissibility under Mil.R.Evid. 902(8).

■ The trial defense counsel did not raise any genuine question as to the authenticity of the original Schmitt affidavit. Nor did the circumstances of this case indicate that it would be unfair to admit a copy in lieu of the original.[5] The only question left to resolve under Mil.R.Evid. 1003, is whether a facsimile copy of an original qualifies for admissibility as a "duplicate." This rule changed the previous practice which permitted only duplicate originals to be treated as originals. The rationale for including a facsimile copy of an original within Mil.R.Evid. 1003's definition of "duplicate," rests in large part on a facsimile machine's capability to reproduce identical duplicates, thereby ensuring a high degree of accuracy. See S. Salzburg, L. Schinasi and D. Schlueter, *Military Rules of Evidence Manual*, p. 912 (3d ed. 1991). The defense made no claim at trial that the copy of the Schmitt affidavit was not an accurate reproduction of the original. Nor did it offer any reason for requiring the production of the original. We, therefore, find that the facsimile copy of the Schmitt affidavit is a "duplicate" within the meaning of Mil.R.Evid. 1001(4) and admissible under Mil.R.Evid. 1003.

■ Although we have found that the Schmitt affidavit was relevant, properly authenticated, and qualified as a duplicate, we cannot escape the fact that it was also a written statement made by a person who did not testify at trial to prove the truth that a child sex offender treatment program was available at the USDB. We, therefore, find that the Schmitt affidavit was hearsay under Mil.R.Evid. 801(c) and 802, and that it did not meet any of the twenty-four exceptions for admissibility under Mil.R.Evid. 803. Accordingly, we hold that the military judge erred by admitting the Schmitt affidavit on sentencing.[6]

■ Since we have determined that there was error, this court must test the error for prejudice. *United States v. Austin*, 35 M.J. 271, 277 n. 6 (C.M.A.1992); *United States v. Calhoun*, 7 M.J. 905, 907 (A.F.C.M.R.1979). We find none. The defense raised the issue of treatment for the appellant at a confinement facility before the panel members. One panel member asked for information about treatment at the USDB and the Schmitt affidavit's answer to this question was relevant. Major James was recalled to comment on the Schmitt affidavit and stated his view that the appellant needed a more intensive treatment program than that offered at the USDB. We also note that the adjudicative facts in the Schmitt affidavit about the treatment program at the USDB could have been presented to the panel members by the military judge taking judicial notice of them. Mil.R.Evid. 201; *United States v. Brown*, 33 M.J. 706, 709 (A.C.M.R. 1991).

Our review of the circumstances surrounding the admission of the Schmitt affidavit in the sentencing portion of the trial convinces us that the panel members placed no reliance on the Schmitt affidavit in arriving at the

---

5. Fairness might dictate exclusion where, for example, the duplicate represents only an extract of the original.

6. It was also error for the military judge to permit the panel members to take the Schmitt affidavit with them into the deliberation room because it was marked as an appellate exhibit. Appellate exhibits are not exhibits admitted in evidence for purposes of R.C.M. 921(b). To be admitted into evidence, the Schmitt affidavit should also have been marked as either a prosecution or defense exhibit. See *United States v. Maschino*, 31 M.J. 841, 842 (N.M.C.M.R.1990); D. Schlueter, *Military Criminal Justice*, p. 577 n. 23 (3d ed. 1992).

Since the trial defense counsel did not object to this error, the doctrine of waiver applies. R.C.M. 801(g); *United States v. Taylor*, 21 M.J. 840, 843 n. 5 (A.C.M.R.1986).

sentence. Instead, it appears from the sentence that the panel members were influenced more by the severity of the offenses. They adjudged a sentence that emphasized punishment more than treatment. We, therefore, are persuaded that the Schmitt affidavit had no unfair prejudicial impact on the court members' sentencing deliberation.

We also have considered the remaining assignments of error, including those personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and hold that none warrant relief.

The findings of guilty and the sentence are affirmed.

Senior Judge CREAN and Judge MORGAN concur.