CRAWFORD, Chief Judge
(dissenting):
This case does not need to be remanded to the Court of Criminal Appeals, which admittedly for very wrong reasons, nonetheless rightly affirmed Appellant's sentence. Whether the court below impermissibly considered the disputed Prosecution Exhibits (PEs) for their truth is academic because the truth of those matters was never contested. As a result, neither benefit nor harm could come at trial or on appeal from the PEs being considered for their truth.

Background

At trial, Appellant pleaded guilty to numerous specifications of failing to maintain sufficient funds to pay checks he had written. The specifications set forth the dates and amounts of the checks, the check numbers, the names of the payees, and the names of the banks on which the checks were drawn. Before the military judge accepted Appellant’s guilty pleas, he conducted a detailed, factual inquiry of Appellant, during which Appellant admitted that everything in the specifications was true. See Rule for Courts-Martial 910(e)[hereinafter R.C.M.]; United States v. Care, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).
In support of his guilty pleas, Appellant also entered into a written stipulation of fact. See R.C.M. 705(c)(2), 811. The stipulation was signed by Appellant, his defense counsel, and the prosecutor, and it set forth the dates and amounts of the bad checks, and the names of the payees and banks on which the checks were drawn. It also stated that the checks “were returned for collection as unpaid”; the checking accounts were “involuntarily closed”; and Appellant “received notice” of the account closings. Significantly, the stipulation, which itself was admitted into evidence, contained the following language:
It is hereby stipulated and agreed by and between the prosecution and the defense with the express consent of the Accused that the ¡facts set forth herein] are true and admissible in evidence for all purposes to include findings and sentencingl.]
(Emphasis added.)
Based on Appellant’s admissions during the plea inquiry, and in the stipulation of fact, the military judge accepted Appellant’s guilty pleas. He then moved on to the sentencing phase of the court-martial, which included admitting the twelve disputed PEs into evidence over the defense’s hearsay objection. In support of his ruling, the military judge concluded the PEs were not hearsay because they were not offered for the truth of the matters asserted therein. Rather, they were offered to show victim impact and *234 “to provide the full picture — all of the facts and circumstances of this ease.”
The twelve PEs — all of which were taken from Appellant’s possession — consisted of a handwritten letter from one payee complaining about the bad check Appellant wrote; photocopies of numerous bad checks Appellant wrote that were stamped “Account Closed Not Paid”; and letters from various payees and collection agencies notifying Appellant his checks had bounced and requesting payment. These PEs were given to the members of Appellant’s court-martial for use in determining an appropriate sentence. However, the members were instructed that they could “not consider the documents as proof of the matters asserted therein,” because the PEs were admitted only to show “the complete set of circumstances surrounding the commission of the offenses, the state-of-mind of the accused at the time he commit[ted] the offenses, and the impact of the offenses on the victim.”
Of course, the members did not need to consider the PEs for the truth of the matters asserted therein because the truth of those matters was already spelled out in the stipulation of fact, which they also received and used in arriving at a sentence. Thus, although the instruction was technically correct because the PEs were properly admitted as non-hearsay (see infra), it must have left the members scratching their heads as they tried to reconcile the instruction with the stipulation’s pronouncement that all the identical facts it contained were true for purposes of sentencing.
In any event, Appellant was sentenced, his court-martial was adjourned, and he appealed to the Court of Criminal Appeals, where he again argued the PEs were inadmissible hearsay. That court agreed the PEs were hearsay, but found them nonetheless admissible as exceptions to the hearsay rule under Military Rules of Evidence 803(3) and 807 [hereinafter M.R.E.]. From these rulings, Appellant appealed to this Court, where he argues the court below correctly held the exhibits were hearsay, but incorrectly held they were admissible exceptions to the hearsay rale. He further argues that in so holding, that court improperly considered the PEs for the truth of the matters asserted therein, to his prejudice.
Appellant’s argument is all smoke and no fire, and should not result in a remand.

Discussion

Hearsay is an out-of-court statement “offered in evidence to prove the truth of the matter asserted.” M.R.E. 801(c)(emphasis added). When such a statement is offered for that purpose, M.R.E. 802 generally renders it inadmissible because
[w]hen an out-of-court statement is offered for its truth, it is only probative if the person who made the statement — the declarant — was telling the truth. But the truthfulness of an out-of-court declarant cannot be assessed by the ordinary methods with which we determine the truth of testimonial evidence — oath, cross-examination, and the factfinder’s scrutiny of the witnesses] demeanor. Therefore, hearsay is presumptively unreliable.
4 Stephen A. Saltzburg et al., Federal Rules of Evidence Manual § 801.02[l][a](8th ed.2002)(emphasis added).
However, when an out-of-court statement is not offered for its truth, it is not hearsay and generally is admissible. United States v. Johnson, 297 F.3d 845, 863 (9th Cir.2002); United States v. Murphy, 193 F.3d 1, 5 (1st Cir.1999); United States v. McKneely, 69 F.3d 1067, 1074 (10th Cir.1995). Moreover, an out-of-court statement is not hearsay if it “is offered against a party and is ... a statement of which the party has manifested the party’s adoption or belief in its trath[.]” M.R.E. 801(d)(2)(B). The reason for these rales is obvious: in both scenarios, the danger hearsay creates (“proof’ of guilt with unreliable evidence) does not exist.
Both of these rules applied at Appellant’s court-martial, making the PEs non-hearsay. With Appellant’s admissions during the plea inquiry, and in the stipulation of fact, he clearly manifested his belief in the truth of the matters contained in the PEs. Furthermore, because the uncontested truth of those matters was already proven and before the members in a stipulation of fact, the PEs were not needed for that purpose. See Unit *235 ed States v. Hatchett, 918 F.2d 631, 638 n. 8 (6th Cir.1990). Their purpose, then, had to be something else, which the military judge correctly identified as conveying victim impact and “circumstances directly relating to or resulting from” Appellant’s offenses. R.C.M. 1001(b)(4); United States v. Vickers, 13 M.J. 403 (C.M.A.1982); see also United States v. Gonzales, 307 F.3d 906, 910 (9th Cir.2002)(sheets used to keep track of drug sales were non-hearsay since “not offered for the specific information conveyed by the writings ... but ... for their significance as objects closely associated with the drug trade”).*
Thus, the military judge properly admitted the PEs as non-hearsay, and the Court of Criminal Appeals erred in holding otherwise. That court based its holding on United States v. Brandell, 35 M.J. 369 (C.M.A.1992), but reliance on Brandell was sorely misplaced. In Brandell, this Court did hold that photocopies of bad checks and bank statements were hearsay. Id. at 371-72. However, the reason they were hearsay is because Bran-dell was a contested case, and the documents were offered to prove Brandell committed the bad check offenses with which he was charged. In other words, unlike the non-hearsay PEs in Appellant’s case, the documents in Brandell were offered for their truth, and were not excluded from the definition of hearsay by M.R.E. 801(d)(2)(B). As a result, Brandell is not applicable here.
After erroneously concluding the PEs were hearsay, the Court of Criminal Appeals nonetheless found them admissible as exceptions to the hearsay rule. Specifically, the court held the handwritten letter was admissible as residual hearsay under M.R.E. 807, and the other PEs were admissible under M.R.E. 803(3) as evidence of Appellant’s state of mind. Appellant takes issue with these rulings, arguing that M.R.E. 807 does not apply because its notice requirements were not complied with, and that M.R.E. 803(3) does not apply because the PEs are statements made by others and, therefore, cannot be used to prove his state of mind.
Regardless of the merit of these two positions, they are irrelevant in Appellant’s case because the PEs were properly admitted at trial as non-hearsay. That said, the only question remaining is whether we should remand this ease to the court below so it can perform a “proper” review of Appellant’s case by treating the PEs as non-hearsay instead of hearsay. The answer to that should certainly be no, because Appellant suffered no prejudice when the lower court treated the PEs as hearsay. See Art. 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a) (2000).
Appellant argues that because hearsay is offered for the truth of the matter asserted, and because the lower court concluded the PEs were hearsay, that court impermissibly considered them for their truth, instead of for their limited non-hearsay purpose of strengthening the Government’s sentencing case. Yet once again, the uncontested truth of those matters was already before that court — not only in the stipulation of fact, but also in the charges and specifications and Appellant’s guilty plea. Consequently, no matter how that court treated the PEs, the result to Appellant was the same: a thorough review of all the facts and circumstances surrounding his offenses, with no unreliable or inadmissible matter considered, and the findings and sentence affirmed.
For these reasons, we should not remand this case. Instead, we should affirm the lower court’s decision as to result only. See Murphy, 193 F.3d at 7 (harmless error when matter contained in hearsay is also proved by other evidence).

Because Appellant pleaded guilty and testified the matters in the PEs were true, and because they were seized from his possession, they were properly authenticated and admitted pursuant to Military Rule of Evidence 901.