# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class LAWSON L. HO-SHING**
**United States Army, Appellant**

ARMY 20150167

Headquarters, 1st Cavalry Division
Kenneth W. Shahan, Military Judge (arraignment)
Wade N. Faulkner, Military Judge (trial)
Lieutenant Colonel Alison C. Martin, Staff Judge Advocate (pre-trial)
Lieutenant Colonel Oren H. McKnelly, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Major Andres Vazquez, Jr., JA; Captain Katherine L. DePaul, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Cormac M. Smith, JA; Captain Linda Chavez, JA (on brief).

22 May 2017

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

TOZZI, Senior Judge:

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of three specifications of assault consumated by battery, and two specifications of communicating a threat, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 (2012) [hereinafter UCMJ]. Appellant was found not guilty of one specification of rape, two specifications of aggravated assault, and one specification of assault consumated by battery, in violation of Articles 120 and 128, UCMJ. The panel sentenced appellant to a bad-conduct discharge, twelve months confinement, forfeiture of all pay and allowances, and reduction in grade to E-1. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, twelve months confinement, and reduction in grade to E-1.

This case is before us for review under Article 66, UCMJ. Appellate defense counsel assigned two errors to this court, one of which warrants discussion but no relief. Appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that we find, after due consideration, to be without merit.

## BACKGROUND

Appellant physically assaulted his wife, SH, on divers occasions between 1 March 2010 and 14 February 2012, at or near Fort Campbell, Kentucky. Appellant also physically assaulted SH on divers occasions at or near Killeen, Texas, between 15 February 2012 and 25 September 2012. In addition, appellant physically assaulted SH on or about 25 September 2012 by grabbing her hair and hitting her head on a bathtub. Appellant was found not guilty of raping SH on or about 28 October 2013 at or near Killeen, Texas.

In his opening statement at trial, defense counsel discussed divorce as a motive for SH's allegations by asserting:

> Divorce, especially when one person doesn't want a divorce gets pretty messy, and unfortunately you're here today with a lot of allegations of what can only be described as a messy divorce.
>
> What happens when somebody wants to get back at someone who wants a divorce? You're going to go after what they care about. Something that will definitely get their attention. You're going to go after their relationship with their children, you're going to go after their career, that's where you're going to get him. Call him a wife beater, call him a rapist. And today you're going to hear allegations made by a woman, who after her husband decided on divorce, that is when she made the allegations.

Later in the opening statement, defense counsel stated, "She asks him do you still want a divorce and he says yes, and she says well, you're going to make me do something I don't want to do."

During cross-examination, defense counsel elicited testimony from SH that on 29 October 2013 she asked appellant if he still wanted a divorce and he said yes. When asked whether she spoke with appellant about how much financial support he would provide, SH replied, "He was talking about the money first, that how much he will do it, so yeah, we were talking about the money." On the merits, defense counsel called Ms. Michelle Watson, who testified that in the summer of 2013 SH asked her about how much money an ex-wife of a husband charged with sexual

assault would receive. After government objection, the military judge ruled the testimony was admissible, stating: "The court finds that the questions that the defense is asking are probative of a potential motive to fabricate a sexual assault allegation against [appellant], if she's interested in how much money someone whose [sic] made a sexual assault allegation is going to receive."

In rebuttal, the government called six witnesses, three of whom testified SH made statements to them before July 2013 that she was physically abused. These statements pre-dated the alleged motive to fabricate elicited through the defense witness, Ms. Watson. These statements also pre-dated SH's realization on 29 October 2013 that appellant still intended to divorce her.

Rebuttal witness Ms. Sukyong Martinez testified that SH told her appellant had "been hitting her in Korea when she was in Korea, and it was---it continues off and on, and then so I think he broke her bones, you know, somewhere, head, and even broke this tooth---[.]" Ms. Martinez later testified:

> Oh, he [appellant] told her all the bad words, and he said
> to her I told you if you open the door or something like
> that, then I told you I'm going to hit you, and I don't
> remember exactly, but I know that she did something that
> he told her not to do it, like open the door or something,
> so he hit her.

Following Ms. Martinez's testimony, the military judge gave the following instruction, in relevant part, to the panel:

> Now, members during that testimony you heard evidence
> that [SH] made statements prior to trial that may be
> consistent with her testimony at this trial. If you believe
> that such consistent statements were made, you may
> consider them for their tendency to refute the charge of
> recent fabrication. You may also consider the prior
> consistent statements as evidence of the truth of the
> matters expressed therein.

Rebuttal witness KL, SH's uncle, testified over the objection of defense counsel, who claimed the motive to fabricate only related to the rape charge. The military judge overruled that defense objection and KL testified he called SH on 25 September 2012. SH was crying during the telephone call and told him:

> [Appellant] currently is beating me up, so I fled away
> from [him] and I'm in the bathroom locked in. I closed
> the door and I locked it, but he opened it, he came in.
> And he pushed me---pushed me and then he choke me.

And he step on my foot hurting me. He used his elbow to
push my mouth, which chipped my tooth.

After KL asked SH if she wanted him to call the police, SH stated she did not want her husband to get in trouble. KL then told SH to give him a call back when she decided what she wanted to do. After KL's testimony, the military judge gave the same instruction to the panel as was given after the testimony of Ms. Martinez.

Rebuttal witness Ms. Sue Kim testified SH worked in her business within the past two years. When Ms. Kim asked SH why she failed to show up for work one day, SH replied she went to the emergency room. Ms. Kim testified SH had a red mark on her neck at that time.

At the close of the evidence the military judge instructed the panel as follows:

You have heard evidence that [SH] made statements prior
to trial that may be inconsistent with—that may be
consistent with her testimony at trial. If you believe that
such consistent statements were made, you may consider
them for their tendency to refute the charge of recent
fabrication. You may also consider the prior consistent
statement as evidence of the truth of the matters expressed
therein.

The military judge also gave the standard spillover instruction to the panel.

## LAW AND DISCUSSION

Appellant alleges the military judge abused his discretion by allowing testimony about SH's prior consistent statements. The defense argued this information should not be admitted because they limited their claim of recent fabrication to the testimony of SH regarding her inquiry about compensation for victims of sexual assault. However, we find the defense also opened the door to rebut a claim of recent fabrication through their argument and cross-examination that SH reported appellant's conduct because appellant still planned to divorce her. The record supports the military judge's finding that the rebuttal testimony containing SH's prior consistent statements pre-dated both her inquiry regarding available compensation for victims of sexual assault and her realization on 29 October 2013 that appellant still intended to divorce her.

"Hearsay is defined as 'an out-of-court statement made by a declarant that is offered in evidence to prove the truth of the matter asserted in that statement.'" *United States v. Adams*, 63 M.J. 691, 696 (Army Ct. Crim. App. 2006) (quoting *United States v. McCaskey*, 30 M.J. 188, 190-91 (C.M.A. 1990)); *see also* Military Rule of Evidence [hereinafter Mil. R. Evid.] 801(c). "Generally, such evidence is

inadmissible unless it meets 'at least one of the specific and time-tested exceptions' to the prohibition against hearsay, or falls within one of the categories of out-of-court statements defined as 'not hearsay.'" *Adams*, 63 M.J. at 696 (quoting *McCaskey*, 30 M.J. at 191, and Mil. R. Evid. 801(d)).[*]

Under Mil. R. Evid. 801(d), a prior consistent statement of a witness is not hearsay if "'offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive[.]'" *United States v. Allison*, 49 M.J. 54, 57 (C.A.A.F. 1998) (quoting Mil. R. Evid. 801(d)(1)(B)). "Under the rule [prior consistent statements] are substantive evidence." *Tome v. United States*, 513 U.S. 150, 161 (1995) (quoting Federal Rule of Evidence 801(d)(1)(B) advisory committee's note). Several "inherent safeguards" are contained in Mil. R. Evid. 801(d)(1)(B), which must be satisfied before prior statements will be admitted. *United States* v. *Hood*, 48 M.J. 928, 933 (Army Ct. Crim. App. 1998) (citing *McCaskey*, 30 M.J. at 191). "The rule's predicate safeguards are that the declarant must testify at trial and be subject to cross-examination; the statement must be consistent with the declarant's in-court testimony; and, the statement must be offered to actually rebut an attack of recent fabrication or improper motive or influence." *Id.*

We review a military judge's decision to admit or exclude evidence of a prior consistent statement for an abuse of discretion. *United States v. Springer*, 58 M.J. 164, 167 (C.A.A.F. 2003); *United States v. Bell*, 72 M.J. 543, 556 (Army Ct. Crim. App. 2013). Here all the prerequisites of Mil. R. Evid. 801(d)(1)(B) were met. SH testified and was vigorously cross-examined by the defense. Her prior statements were consistent with her in-court testimony. The prior consistent statements were offered to rebut an attack of recent fabrication raised by the defense that SH inquired about compensation for victims of sexual assault, and that SH discovered appellant still intended to divorce her. We conclude the military judge properly found the prior statements predated the alleged recent motive to fabricate, and the prior statements rebutted the allegation of recent fabrication. *See Allison*, 49 M.J. at 57. It is noteworthy that multiple motives to fabricate are contemplated by the case law of our superior court. "'Where multiple motives to fabricate or multiple

---

[*] "According to Mil. R. Evid. 801(d), two categories of out-of-court statements, prior statements by a witness and admissions by a party-opponent, are 'not hearsay,' provided certain conditions are met. One such instance is where '[t]he declarant [of the prior statement] testifies at the trial[,] . . . is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive.' Mil. R. Evid. 801(d)(1)(B). Because a statement meeting these conditions is 'not hearsay,' it may be admitted to prove the truth of the matter it asserts." *Adams*, 63 M.J. at 696 n.2.

improper influences are asserted, the statement need not precede all such motives or inferences, but only the one it is offered to rebut.'" *United States v. Coleman*, 72 M.J. 184, 188 (C.A.A.F. 2013) (quoting *Allison*, 49 M.J at 57). The military judge did not abuse his discretion in allowing the admission of the prior consistent statements of SH.

Finally, even if the military judge erred in admitting the statements, we find no error that materially prejudiced appellant's substantial rights. *See* UCMJ art. 59(a); *McCaskey*, 30 M.J. at 193. SH's testimony was corroborated by a voice recording of appellant wherein he states "I told you I was going to beat your fucking ass." Appellant's explanation of the voice recording (i.e., SH was "setting me up") was not persuasive. Photographic evidence of SH's cracked tooth was admitted into evidence. In addition, appellant freely admitted to pinning SH against the wall when "she didn't want to be touched by me." Appellant also admitted threatening to "fuck [SH] up" and "beat the shit out of her." The evidence against appellant, without regard to the prior statements, was overwhelming.

## CONCLUSION

On consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Judge CELTNIEKS and Judge BURTON concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court