IN THE CASE OF

UNITED STATES, Appellee

V.

Shawn P. HOLT, Airman First Class
U.S. Air Force, Appellant

No. 02-0632

Crim. App. No. 34145

_____

United States Court of Appeals for the Armed Forces

Argued February 5, 2003

Decided May 22, 2003

ERDMANN, J., delivered the opinion of the Court, in which GIERKE,
EFFRON, and BAKER, JJ., joined.  CRAWFORD, C.J., filed a separate
dissenting opinion.

Counsel

For Appellant:  Captain James M. Winner (argued); Colonel Beverly
    B. Knott, Major Jefferson B. Brown, and Major Terry L.
    McElyea (on brief); Major Marc A. Jones and Major Jeffrey A.
    Vires.

For Appellee:  Major Jennifer R. Rider (argued); Colonel LeEllen
    Coacher and Lieutenant Colonel Lance B. Sigmon (on brief).

Military Judge:  Kurt D. Schuman

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Judge ERDMANN delivered the opinion of the Court.

Appellant, Airman First Class Shawn P. Holt, was tried by general court-martial at Minot Air Force Base, North Dakota. Pursuant to his pleas, he was convicted of 58 specifications of dishonorable failure to maintain sufficient funds for the payment of checks in violation of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (2000). A court of officer members sentenced Appellant to a bad-conduct discharge, confinement for one year, total forfeitures, and reduction to E-1. On June 25, 2000, the convening authority approved the sentence as adjudged. On April 15, 2002, the Air Force Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. United States v. Holt, ACM 34145 (A.F. Ct. Crim. App. April 15, 2002).

We granted Appellant's petition for grant of review on the following issues:

I.

> WHETHER A PROPONENT OF HEARSAY EVIDENCE MAY
> ADMIT THAT EVIDENCE UNDER THE RESIDUAL
> HEARSAY EXCEPTION WITHOUT GIVING THE ADVERSE
> PARTY NOTICE OF THE INTENT TO USE THAT
> PARTICULAR EXCEPTION.

II.

> WHETHER M.R.E. 803(3) PERMITS THE USE OF OUT-
> OF-COURT STATEMENTS MADE BY ONE PERSON FOR
> THE PURPOSE OF DISCLOSING THE STATE OF MIND
> OF A DIFFERENT PERSON.

Additionally, we specified the following issue to be addressed by the parties:

> WHETHER THE AIR FORCE COURT OF CRIMINAL
> APPEALS ERRED AND DEPRIVED APPELLANT OF A
> REVIEW PROPERLY LIMITED TO THE RECORD OF
> TRIAL PURSUANT TO ARTICLE 66(c), UCMJ, WHEN

2

> THAT COURT CONSIDERED PROSECUTION EXHIBITS
> 16, 17, 18, 19, 21, 24, 26, 29, 30, 31, 32,
> AND 34, FOR THE TRUTH OF THE MATTER STATED
> THEREIN DESPITE A CONTRARY RULING BY THE
> MILITARY JUDGE AND DESPITE THE FACT THAT THE
> MEMBERS WERE INSTRUCTED THAT THE EXHIBITS
> WERE NOT TO BE CONSIDERED FOR THE TRUTH OF
> THE MATTERS STATED THEREIN.

For the reasons that follow, we set aside the decision of the Air Force Court of Criminal Appeals and remand this case to that court for further review.

## FACTS

a.  Treatment of Sentencing Exhibits in the Trial Forum.

Prosecution Exhibit (PE) 16 is a letter to Appellant from a cartoonist, Mr. Richardson, concerning a bad check Appellant had written to him.  When trial counsel offered the exhibit into evidence during sentencing, defense counsel objected contending the letter did not fall within the parameters of Rule for Courts-Martial 1001 [hereinafter R.C.M.] and that the letter was hearsay.  Initially, the military judge responded that he saw the letter as proper evidence in aggravation under R.C.M. 1001(b)(4), that the rules of evidence were relaxed during sentencing, and that he found the evidence more probative than prejudicial. Ultimately, the military judge ruled as follows:

> Next, we have a letter [from] Mister
> Richardson, Prosecution Exhibit 16 for
> Identification.  And again, this is a letter
> – the objection here was based on hearsay,
> and trial counsel proffered that it wasn't
> offered to prove the truth of the matter
> asserted, but rather to show the impact upon
> Mister Richardson, as well as, to show the
> members the full picture surrounding these
> particular offenses.

> Now, I'll note that this was, in fact,
> one of the checks that – to which the accused
> pled guilty, and again, and having – I'll
> state again just for clarity – that I did
> conduct the analysis and the test under 403.
> However, the objection to Prosecution Exhibit
> 16 for Identification on those basis [sic] is
> overruled, and I will admit Prosecution
> Exhibit 16 for Identification as Prosecution
> Exhibit 16.

Prosecution Exhibits 17 through 34 consist of copies of cancelled checks with markings on the back of them, various debt collection documents, bad check notification documents, and a pawn ticket. Defense counsel objected to admission of these exhibits on a number of grounds, including that the documents were not proper aggravation, that they were hearsay, and that they were not related to the charges. Trial counsel asserted that the documents reflected Appellant's state of mind and were relevant to rehabilitation potential.

Concerning these 18 exhibits, the military judge ruled as follows:

> Now, looking at Prosecution Exhibit 17
> through 34, inclusive, which include a number
> of checks, copies of checks, notices of
> deficiencies, and nonpayment, demands for
> payment – again, I disagree with the defense
> counsel. I don't feel that these are offered
> to prove the truth of the matter asserted in
> these documents, but rather they're offered
> to provide the full picture – all of the
> facts and circumstances of this case. And,
> with regard to those checks that were not
> specifically charged and pled to in this
> case, they are still part and parcel and
> certainly show a course of doing business on
> the part of the accused, and, therefore,
> those defense objections to these exhibits
> are overruled and I will admit Prosecution
> Exhibits 17 through 34 for Identification as
> Prosecution Exhibits 17 through 34.

Subsequent to the military judge's rulings on PEs 16 through 34, defense counsel noted that the defense did not request that the rules of evidence be relaxed. The military judge provided further clarification for his ruling:

> I just want to clarify, based on comments from counsel, comments with regard to relaxing the rules of evidence during sentencing. There is no requirement, number one, that anybody ask to have the rules relaxed. That's a matter for the judge's discretion. With that said, I want to clarify my rulings with regard to the prosecution exhibits. I did not relax the rules of evidence, rather I found that those exhibits were not hearsay and were offered for other purposes, and based on that I overruled the objections. Again, after the balancing test of 403.

When PEs 16 through 34 were published to the members, the military judge gave the following limiting instruction:

> And, you will also have before you documents, Prosecution Exhibits 16 through 34. These documents have been admitted for the purpose of showing you the complete set of circumstances surrounding the commission of the offenses, the state-of-mind of the accused at the time he commit [sic] the offenses, and the impact of the offenses on the victim. <u>You may not consider the documents as proof of the matters asserted therein.</u>

(Emphasis added.)

During his formal sentencing instructions, the military judge informed the members that they could consider PEs 16 through 34 as "matters in aggravation of the offense" but he did not repeat the limitation that the exhibits were not to be considered "as proof of the matters asserted therein."

b.   <u>Treatment of Sentencing Exhibits during Review Pursuant to</u> <u>Article 66(c)</u>.

Before the Air Force Court of Criminal Appeals, Appellant claimed that the military judge abused his discretion by admitting PEs 16 through 34.  In general, Appellant claimed that because the rules of evidence had not been relaxed the exhibits were not in an admissible form, that trial counsel had not laid a proper foundation to authenticate the exhibits, and that the exhibits were inadmissible hearsay.

Concerning PE 16, the Court of Criminal Appeals found the letter from Mr. Richardson was properly authenticated.  The court below went on to address the hearsay allegation as follows:

> [W]e must now deal with the hearsay contained in the letter.  While ordinarily the information contained in the letter would be proper evidence of victim impact,  Mr. Richardson never testified in court about the impact the offense had on him.  Further, the information was not obtained by a deposition conducted in accordance with R.C.M. 702.  However, we find that the information qualifies under the residual hearsay exception to the hearsay rule.  Mil.R.Evid. 807.  The evidence that authenticated the letter also provided sufficient circumstantial guarantees of trustworthiness for the information contained in the letter.  Further, the information was evidence of a material fact as it pertained to the impact of the offense on the victim.  Additionally, the letter was more probative on the issue of victim impact than any other evidence offered by the government.  Finally, the interests of justice were served by providing the members with the evidence of the offense's impact on the victim so that they might adjudge an appropriate sentence for the appellant.

<u>Holt</u>, slip op. at 4.

The Court of Criminal Appeals gave separate consideration to PE 17.  Prosecution Exhibit 17 consists of photocopies of various

checks written by Appellant.  The photocopies included numerous bank stamps reflecting that the account upon which a given check had been written was closed, that a check was not paid, or that a check was not to be re-deposited.  In upholding the admissibility of PE 17, the Air Force Court of Criminal Appeals wrote:

> [W]e find that this information is admissible under Mil. R. Evid. 803(3), as evidence of the appellant's state of mind at the time of the offenses.  One of the elements of the offense to which the appellant pled guilty was that his conduct in failing to maintain sufficient funds in his checking/credit union accounts was dishonorable.  Manual for Courts-Martial, United States (MCM), Part IV, ¶ 68(b)(4) (2000 ed.).  Additionally, the appellant's conduct must reflect bad faith or gross indifference to his financial responsibilities.  MCM, Part IV, ¶ 68(c).  In this regard, the appellant specifically stated during the plea inquiry that he had a "grossly indifferent" attitude toward his checking accounts.  Further. Pros. Ex. 17 demonstrates that the appellant knowingly wrote a large number of checks, over a prolonged period of time, for varying amounts of money, with a gross indifference to his financial situation.  Accordingly, the exhibit provided the members with evidence of the appellant's state of mind at the time he wrote the checks.  The exhibit conveyed to the members the sense that the appellant had a grossly indifferent attitude toward the state of his checking accounts and his just obligations.  Therefore, the military judge did not abuse his discretion when he admitted the exhibit into evidence.

Id. at 5.

Thereafter, the Court of Criminal Appeals addressed the hearsay within PEs 18, 19, 21, 24, 26, 29, 30-32, and 34 collectively.  The court held that the exhibits were "admissible as evidence of the appellant's state of mind" under Military Rule of Evidence 803(3) [hereinafter M.R.E.].  Holt, slip op. at 6. The Air Force Court of Criminal Appeals concluded that

7

Appellant's sentence was "correct in law and fact" and that the sentence should be affirmed.  Id. at 13.

DISCUSSION

a.  Application of Exceptions to the Hearsay Rule at the Court of Criminal Appeals.

Admissibility of evidence is reviewed for an abuse of discretion, and that discretion is abused when evidence is admitted based upon an erroneous view of the law.  See United States v. Allen, 53 M.J. 402, 405-06 (C.A.A.F. 2000); United States v. Henry, 53 M.J. 108, 110 (C.A.A.F. 2000); United States v. Owens, 51 M.J. 204, 209 (C.A.A.F. 1999).  We find that the Court of Criminal Appeals erred when it applied M.R.E.'s 807 and 803(3) to sustain the admissibility of PEs 16-19, 21, 24, 26, 29, 30-32, and 34.

The court below found that PE 16 was admissible under the residual hearsay rule, M.R.E. 807.  That rule provides:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.  However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention

> to offer the statement and the particulars of
> it, including the name and address of the
> declarant.

Our concern with respect to PE 16 and the lower court's ruling that the exhibit was admissible under the residual hearsay rule focuses on two elements of that rule: (1) whether the statement is "more probative on the point for which it is offered than other evidence which the proponent can procure through reasonable efforts," and (2) whether Appellant received the required notice.

In addressing the requirements of M.R.E. 807, the court below said, in part, "[A]dditionally, the letter was more probative on the issue of victim impact than any other evidence offered by the government." Holt, slip op. at 4 (emphasis added). The court did not discuss whether the exhibit was more probative of victim impact than any other evidence the Government could have "procure[d] through reasonable efforts." We find nothing to indicate whether, for example, Mr. Richardson might have been willing to personally testify about the impact of Appellant's misconduct upon him. The nature of PE 16 itself suggests that Mr. Richardson might have been amenable to testifying personally about the impact of Appellant's misconduct. We find that the court below misapplied this foundational requirement of M.R.E. 807, looking at the evidence that was produced rather than at evidence that could have been produced of victim impact.

In addition, the court below is silent with regard to the notice requirement of the residual hearsay rule. Military Rule of Evidence 807 requires notice "sufficiently in advance of the trial or hearing to provide the adverse party with a fair

opportunity to prepare to meet it."  This notice requirement has critical significance in light of the foundational requirements supporting residual hearsay.  See United States v. Haner, 49 M.J. 72, 77 (C.A.A.F. 1998)(citing United States v. Kelley, 45 M.J. 275, 280 (C.A.A.F. 1996)(the foundational requirements for residual hearsay under the precursor to M.R.E. 807:  (1) materiality; (2) necessity; and (3) reliability)).  We find nothing in this record to indicate that Appellant was provided notice pursuant to M.R.E. 807 either before trial or appellate proceedings that would afford him an adequate opportunity to prepare to challenge the admissibility of this document as residual hearsay.

The military judge "found that those exhibits were not hearsay and were offered for other purposes."  Despite this limited trial ruling, the Air Force court admitted PE 16 for the truth of the matter asserted as residual hearsay.  In so doing, the Air Force court misstated and/or ignored foundational requirements of M.R.E. 807.  Thus, the Air Force court abused its discretion.

The Air Force court found the remaining exhibits in issue, PEs 17-19, 21, 24, 26, 29, 30-32, and 34, admissible under M.R.E. 803(3) pertaining to statements of a declarant's then existing state of mind.  In its final brief, the Government conceded that M.R.E. 803(3) did not properly apply to these exhibits.  In this case, the Government's concession is well-founded, and we accept it.  "A relevant state of mind may be proven by the person's own, out-of-court, uncross-examined, concurrent statements as to its existence."  Raborn v. Hayton, 208 P.2d 133, 136 (1949)(citing

Mutual Life Insurance Company of New York v. Hillmon, 145 U.S. 285 (1892)).

Here, the documents and the markings on the backs of the bad checks were created by third parties, not by Appellant.  Because documents and markings by third parties cannot be used to reflect Appellant's state of mind, the Air Force court erred by ruling that these exhibits were admissible for the truth of the matters stated under M.R.E. 803(3).

We therefore answer Granted Issues I and II in the negative. Under normal circumstances we would next determine whether these errors materially prejudiced a substantial right, Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000), and in light of Appellant's provident pleas of guilty and the wealth of evidence in this record revealing the extent of Appellant's bad check scheme, we would view these errors as harmless.  However, because these errors were committed within the unique context of appellate review pursuant to Article 66(c) we proceed to the Specified Issue to determine whether these errors impacted Appellant's appellate rights.

b.   Article 66(c) review.

Article 66(c) provides:

> In a case referred to it, the Court of
> Criminal Appeals may act only with respect to
> the findings and sentence as approved by the
> convening authority.  It may affirm only such
> findings of guilty and the sentence or such
> part or amount of the sentence, as it finds
> correct in law and fact and determines, on
> the basis of the entire record, should be
> approved.  In considering the record, it may
> weigh the evidence, judge the credibility of
> witnesses, and determine controverted

> questions of fact, recognizing that the trial
> court saw and head the witnesses.

This Court has held that Article 66(c) limits the Courts of Criminal Appeals "to a review of the facts, testimony, and evidence presented at the trial, and precludes a Court of Criminal Appeals from considering 'extra-record' matters when making determinations of guilt, innocence, and sentence appropriateness." United States v. Mason, 45 M.J. 483, 484 (C.A.A.F. 1997). See also United States v. Reed, 54 M.J. 37, 43 (C.A.A.F. 2000); United States v. Dykes, 38 M.J. 270, 272 (C.M.A. 1993); United States v. Bethea, 22 U.S.C.M.A. 223, 224-25, 46 C.M.R. 223, 224-25 (1973). Similarly, the Courts of Criminal Appeals are precluded from considering evidence excluded at trial in performing their appellate review function under Article 66(c). United States v. Starr, 1 M.J. 186, 189-90 (C.M.A. 1975); United States v. Pierce, 2 M.J. 654, 655-56 (A.F.C.M.R. 1976).

The military judge defined the nature and quality of the evidence in this record of trial by his rulings and instructions. He held that PEs 16-19, 21, 24, 26, 29, 30-32, and 34 were "not hearsay and were offered for other purposes." He then specifically instructed the members, "You may not consider the documents as proof of the matters asserted therein." This record, defined as it must be by the rulings and instructions of the military judge, contained the questioned exhibits which were admitted not for the truth of the matters asserted.

Rather than limiting itself to reviewing the propriety of the military judge's trial determinations, the Court of Criminal Appeals changed the evidentiary nature of these exhibits by

12

holding that the exhibits were admissible under specified exceptions to the hearsay rule. The exhibits were elevated to exhibits admitted for the "truth of the matter asserted." M.R.E. 801(c). The effect of this action was to enhance the aggravating nature of this sentencing evidence and to modify the qualitative evidentiary content of the record of trial. The "truth of the matter asserted," which had been excluded at trial, became part of the record evidence. This was error; the Court of Criminal Appeals may not resurrect excluded evidence during appellate review under Article 66(c).

The Government has urged that even if the lower court erred in this context, the error is not prejudicial. They point to the fact that the stipulation of fact and the various documents otherwise properly before the court provide essentially the same information as the exhibits in question. Appellant responds that it is fundamentally unfair to affirm his sentence on appeal by considering evidence in a manner specifically prohibited by the military judge on the record of trial.

In reviewing guilt, evidence excluded in a trial forum cannot be considered on appeal to affirm guilt. The same limitation applies to the Court of Criminal Appeals when that court acts pursuant to the statutory mandate to "affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact . . . ." The legal review of the sentence is limited to "the facts, testimony, and evidence presented at trial." Mason, 45 M.J. at 484. The Air Force Court of Criminal Appeals erred when it altered the evidentiary quality of PEs 16-19, 21, 24, 26, 29, 30-32, and 34, then proceeded to

review the Appellant's sentence.  As Appellant did not receive a proper legal review under Article 66(c) the remedy is a remand to the Court of Criminal Appeals for a proper review.  Cf. United States v. McAllister, 55 M.J. 270, 277 (C.A.A.F. 2001).

## Decision

The decision of the Air Force Court of Criminal Appeals is set aside.  The case is returned to the Judge Advocate General of the Air Force for remand to that court for further review consistent with this opinion.

CRAWFORD, Chief Judge (dissenting):

This case does not need to be remanded to the Court of Criminal Appeals, which admittedly for very wrong reasons, nonetheless rightly affirmed Appellant's sentence. Whether the court below impermissibly considered the disputed Prosecution Exhibits (PEs) for their truth is academic because the truth of those matters was never contested. As a result, neither benefit nor harm could come at trial or on appeal from the PEs being considered for their truth.

### Background

At trial, Appellant pleaded guilty to numerous specifications of failing to maintain sufficient funds to pay checks he had written. The specifications set forth the dates and amounts of the checks, the check numbers, the names of the payees, and the names of the banks on which the checks were drawn. Before the military judge accepted Appellant's guilty pleas, he conducted a detailed, factual inquiry of Appellant, during which Appellant admitted that everything in the specifications was true. See Rule for Courts-Martial 910(e)[hereinafter R.C.M.]; United States v. Care, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

In support of his guilty pleas, Appellant also entered into a written stipulation of fact. See R.C.M. 705(c)(2),

811. The stipulation was signed by Appellant, his defense counsel, and the prosecutor, and it set forth the dates and amounts of the bad checks, and the names of the payees and banks on which the checks were drawn. It also stated that the checks "were returned for collection as unpaid"; the checking accounts were "involuntarily closed"; and Appellant "received notice" of the account closings. Significantly, the stipulation, which itself was admitted into evidence, contained the following language:

> It is hereby stipulated and agreed by and between the prosecution and the defense with the express consent of the Accused that <u>the [facts set forth herein] are true and admissible in evidence for all purposes to include findings and sentencing</u>[.]

(Emphasis added.)

Based on Appellant's admissions during the plea inquiry, and in the stipulation of fact, the military judge accepted Appellant's guilty pleas. He then moved on to the sentencing phase of the court-martial, which included admitting the twelve disputed PEs into evidence over the defense's hearsay objection. In support of his ruling, the military judge concluded the PEs were not hearsay because they were not offered for the truth of the matters asserted therein. Rather, they were offered to show victim impact

2

and "to provide the full picture – all of the facts and circumstances of this case."

The twelve PEs – all of which were taken from Appellant's possession – consisted of a handwritten letter from one payee complaining about the bad check Appellant wrote; photocopies of numerous bad checks Appellant wrote that were stamped "Account Closed Not Paid"; and letters from various payees and collection agencies notifying Appellant his checks had bounced and requesting payment. These PEs were given to the members of Appellant's court-martial for use in determining an appropriate sentence. However, the members were instructed that they could "not consider the documents as proof of the matters asserted therein," because the PEs were admitted only to show "the complete set of circumstances surrounding the commission of the offenses, the state-of-mind of the accused at the time he commit[ted] the offenses, and the impact of the offenses on the victim."

Of course, the members did not need to consider the PEs for the truth of the matters asserted therein because the truth of those matters was already spelled out in the stipulation of fact, which they also received and used in arriving at a sentence. Thus, although the instruction was

technically correct because the PEs were properly admitted as non-hearsay (see infra), it must have left the members scratching their heads as they tried to reconcile the instruction with the stipulation's pronouncement that all the identical facts it contained were true for purposes of sentencing.

In any event, Appellant was sentenced, his court-martial was adjourned, and he appealed to the Court of Criminal Appeals, where he again argued the PEs were inadmissible hearsay. That court agreed the PEs were hearsay, but found them nonetheless admissible as exceptions to the hearsay rule under Military Rules of Evidence 803(3) and 807 [hereinafter M.R.E.]. From these rulings, Appellant appealed to this Court, where he argues the court below correctly held the exhibits were hearsay, but incorrectly held they were admissible exceptions to the hearsay rule. He further argues that in so holding, that court improperly considered the PEs for the truth of the matters asserted therein, to his prejudice.

Appellant's argument is all smoke and no fire, and should not result in a remand.

4

Discussion

Hearsay is an out-of-court statement "offered in evidence <u>to prove the truth of the matter asserted</u>." M.R.E. 801(c)(emphasis added).  When such a statement is offered for that purpose, M.R.E. 802 generally renders it inadmissible because

> [w]hen an out-of-court statement <u>is offered for its truth</u>, it is only probative if the person who made the statement – the declarant – was telling the truth. But the truthfulness of an out-of-court declarant cannot be assessed by the ordinary methods with which we determine the truth of testimonial evidence – oath, cross-examination, and the factfinder's scrutiny of the witness'[s] demeanor.  Therefore, hearsay is presumptively unreliable.

4 Stephen A. Saltzburg et al., <u>Federal Rules of Evidence Manual</u> § 801.02[1][a](8th ed. 2002)(emphasis added).

However, when an out-of-court statement is not offered for its truth, it is not hearsay and generally is admissible.  <u>United States v. Johnson</u>, 297 F.3d 845, 863 (9th Cir. 2002); <u>United States v. Murphy</u>, 193 F.3d 1, 5 (1st Cir. 1999); <u>United States v. McKneely</u>, 69 F.3d 1067, 1074 (10th Cir. 1995).  Moreover, an out-of-court statement is not hearsay if it "is offered against a party and is . . . a statement of which the party has manifested the party's adoption or belief in its truth[.]"  M.R.E.

5

801(d)(2)(B). The reason for these rules is obvious: in both scenarios, the danger hearsay creates ("proof" of guilt with unreliable evidence) does not exist.

Both of these rules applied at Appellant's court-martial, making the PEs non-hearsay. With Appellant's admissions during the plea inquiry, and in the stipulation of fact, he clearly manifested his belief in the truth of the matters contained in the PEs. Furthermore, because the uncontested truth of those matters was already proven and before the members in a stipulation of fact, the PEs were not needed for that purpose. See United States v. Hatchett, 918 F.2d 631, 638 n.8 (6th Cir. 1990). Their purpose, then, had to be something else, which the military judge correctly identified as conveying victim impact and "circumstances directly relating to or resulting from" Appellant's offenses. R.C.M. 1001(b)(4); United States v. Vickers, 13 M.J. 403 (C.M.A. 1982); see also United States v. Gonzales, 307 F.3d 906, 910 (9th Cir. 2002)(sheets used to keep track of drug sales were non-hearsay since "not offered for the specific information conveyed by the

6

writings . . . but . . . for their significance as objects closely associated with the drug trade").*

Thus, the military judge properly admitted the PEs as non-hearsay, and the Court of Criminal Appeals erred in holding otherwise.  That court based its holding on United States v. Brandell, 35 M.J. 369 (C.M.A. 1992), but reliance on Brandell was sorely misplaced.  In Brandell, this Court did hold that photocopies of bad checks and bank statements were hearsay.  Id. at 371-72.  However, the reason they were hearsay is because Brandell was a contested case, and the documents were offered to prove Brandell committed the bad check offenses with which he was charged.  In other words, unlike the non-hearsay PEs in Appellant's case, the documents in Brandell were offered for their truth, and were not excluded from the definition of hearsay by M.R.E. 801(d)(2)(B).  As a result, Brandell is not applicable here.

After erroneously concluding the PEs were hearsay, the Court of Criminal Appeals nonetheless found them admissible as exceptions to the hearsay rule.  Specifically, the court held the handwritten letter was admissible as residual

---

* Because Appellant pleaded guilty and testified the matters in the PEs were true, and because they were seized from his possession, they were properly authenticated and admitted pursuant to Military Rule of Evidence 901.

hearsay under M.R.E. 807, and the other PEs were admissible under M.R.E. 803(3) as evidence of Appellant's state of mind.  Appellant takes issue with these rulings, arguing that M.R.E. 807 does not apply because its notice requirements were not complied with, and that M.R.E. 803(3) does not apply because the PEs are statements made by others and, therefore, cannot be used to prove his state of mind.

Regardless of the merit of these two positions, they are irrelevant in Appellant's case because the PEs were properly admitted at trial as non-hearsay.  That said, the only question remaining is whether we should remand this case to the court below so it can perform a "proper" review of Appellant's case by treating the PEs as non-hearsay instead of hearsay.  The answer to that should certainly be no, because Appellant suffered no prejudice when the lower court treated the PEs as hearsay.  See Art. 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a) (2000).

Appellant argues that because hearsay is offered for the truth of the matter asserted, and because the lower court concluded the PEs were hearsay, that court impermissibly considered them for their truth, instead of for their limited non-hearsay purpose of strengthening the

8

Government's sentencing case.  Yet once again, the uncontested truth of those matters was already before that court - not only in the stipulation of fact, but also in the charges and specifications and Appellant's guilty plea. Consequently, no matter how that court treated the PEs, the result to Appellant was the same: a thorough review of all the facts and circumstances surrounding his offenses, with no unreliable or inadmissible matter considered, and the findings and sentence affirmed.

For these reasons, we should not remand this case. Instead, we should affirm the lower court's decision as to result only.  See Murphy, 193 F.3d at 7 (harmless error when matter contained in hearsay is also proved by other evidence).