UNITED STATES, Appellee

v.

Thomas M. GORENCE, Airman
U.S. Air Force, Appellant

No. 04-0607

Crim. App. No. S30296

United States Court of Appeals for the Armed Forces

Argued March 1, 2005

Decided June 21, 2005

CRAWFORD, J., delivered the opinion of the Court, in which
GIERKE, C.J., and EFFRON and BAKER, JJ., joined.  ERDMANN, J.,
filed a separate opinion concurring in the result.


Counsel

For Appellant:  Captain David P. Bennett (argued); Colonel
Carlos L. McDade, Major Terry L. McElyea, and Major James M.
Winner (on brief).

For Appellee:  Major Michelle M. Lindo (argued); Lieutenant
Colonel Gary F. Spencer and Lieutenant Colonel Robert V. Combs
(on brief).

Military Judge:  Patrick M. Rosenow

  **THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Gorence, No. 04-0607/AF

Judge CRAWFORD delivered the opinion of the Court.

At a special court-martial, a military judge alone convicted Appellant, pursuant to his pleas, of a single use of cocaine in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2000). The convening authority approved the sentence of a bad-conduct discharge, three months of confinement, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence. We granted review of the following issues on November 18, 2004:

I. WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS IMPROPERLY CONDUCTED ITS APPELLATE REVIEW UNDER ARTICLE 66(c), UCMJ, BY CONSIDERING EVIDENCE OUTSIDE THE RECORD IN VIOLATION OF UNITED STATES v. HOLT, 58 M.J. 227 (C.A.A.F. 2003).

II. WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY PERMITTING THE TRIAL COUNSEL TO ELICIT INFORMATION CONCERNING THE APPELLANT'S PRE-SERVICE DRUG USE FROM THE APPELLANT'S MOTHER TO "REBUT" MATTERS TO WHICH THE MILITARY JUDGE HIMSELF "OPENED THE DOOR."

For the reasons set forth below, we affirm the decision of the United States Air Force Court of Criminal Appeals. If there was error, it was harmless.

FACTS

During sentencing, the prosecutor offered evidence from Appellant's personnel record reflecting three disciplinary infractions during his seventeen months of military service:

(1) consumption of alcoholic beverages while under the age of twenty-one on August 18, 2002; (2) failure to obtain a medical evaluation on July 8, 2002; and (3) failure to report to duty on August 7, 2002. The prosecutor also offered a detailed confession to the use of cocaine that occurred between August 14 and August 22, 2002, and called the interrogator, who discussed the circumstances of Appellant's confession.

In addition to his unsworn statement, Appellant offered several documents from family friends, coworkers, and supervisors attesting to his rehabilitative potential. His mother also testified as to Appellant's interests and upbringing. When asked by defense counsel about rehabilitative potential, she replied that her son was not a malicious person and that his cocaine use was an "error in judgment" from which he could learn. "[H]e has a lot of integrity . . . and he is honest . . . . But . . . he's 19, and teenagers make -- have some poor judgments [sic] in things because they feel that they -- they have their whole life, that they are really invincible and that it won't really matter this time." She also recognized that her son had made mistakes. Defense counsel inquired further, "But with your son, does he learn from his mistakes?" She responded, "[H]e always has learned from his mistakes."

At the conclusion of her direct examination, there was no cross-examination by the prosecutor. However, the military judge began the following colloquy:

Q: [Y]ou had no concerns about the people he was hanging around with?

A: Not normally, no. Every once in a while, you know, somebody would do something stupid, and I would say, you know, guys, get it together, because I'll call you on it. Right?

Q: Right. I'm trying to figure out --

A: He didn't hang out with the jocks, and he didn't hang out with the computer geeks. He's always been somewhat of a loner . . . .

Q: Okay. Because at least from the evidence I've got so far, it appears the folks that he was hanging out here with . . . weren't doing him any favors.

A: No. And that was --

Q: And that's one concern I have if [he] comes back to you. I mean, did he have a history of kind of hanging out with those folks, or maybe it was just because he was here in San Antonio and didn't really know anybody else?

A: I have a feeling that was probably the case.

Q: And did you have any concerns from his prior history of any sort of substance problems as far as alcohol beyond I guess what you would normally expect of high school kids?

A: Nothing beyond what normal high school kids get involved with, no.

Upon completion of the military judge's questioning, the trial counsel posed the following question:

4

Q: Do you know if your son ever used marijuana while he was in high school?

A: He probably --

DC [Defense Counsel]: Objection, Your Honor. This is going into uncharged misconduct.

MJ [Military Judge]: Well, the problem is you've got the judge asking questions and I -- you know, I was mostly thinking about alcohol as much as anything else. I didn't realize I was wandering into uncharged misconduct territory. Probably that would have been the better place for you to object there when I said, you know --.

I tell you what, I'm going to overrule the objection, but only to the extent -- and you can rest assured, I'm not going to consider it for any uncharged misconduct purposes. But to the extent it would only weigh to rebut the question I asked. Okay. So I asked -- I asked the question about did you have any -- have any reason to suspect the history of any sort of substance abuse. And, you know, there wasn't any objection to that. I certainly had no reason to know what the answer was going to be . . . .

[M]y suspicion is the witness is going to say no, because that's what she told me, but I'll go ahead and allow you to ask the question. But, it's a bench trial, you don't have to worry about non 403-type [sic] uses. I'm only going to use -- if I consider it at all, and it will depend on the answer, it will be for a very limited purpose which I'll put on the record.

Go ahead.

[Trial Counsel (TC)]: Ma'am, again, do you know or are you aware that your son ever used marijuana?

A: I believe he tried it at some point because he's a normal high school kid. You know, but as far as continual use or -- no. No. Would he have at a party? Let me just put it this way: At every single high school party that I have known of in the last 20, 30 years, it has been there.

5

Emphasis added.

On redirect examination, defense counsel asked:

Q:  Just one clarification.

A:  Uh-huh.

Q:  You just said you've been to parties, too?

A:  Uh-huh.

Q:  Is this any time soon or is this back when you were in high school?

A:  Oh.  High school, college.  Yeah, there is -- not recently.  Actually, I don't go to too many parties anymore.  But it is -- it is part of the culture. It's there.  Whether or not your intention is to use when you go to a party, there is always the possibility that it is there, you know.  And I'd be silly to say, no, it's not.

DC:  Nothing further.

MJ:  Just so the record is clear, my ruling is that the defense objection is overruled.  I opened the door with my question.  <u>But what I'm taking it as that you're telling me is that it was experimentation at a party-type environment in high school and that's it</u>.

[Witness]:  I would assume.  I would assume, based on where we are today.

MJ:  That's fine.  And, <u>clearly, I'm not going to impose any other punishment for an experimental use in high school.  But I will consider it in the context of everything else</u>.

Emphasis added.

After announcing his sentence, the military judge noted that Appellant was an "ideal" candidate for the Air Force Return-to-Duty Program, a rehabilitation program that allows

convicted airmen to return to duty upon successful completion of its rigorous requirements. He recommended that the convening authority approve such a course of action.

The lower court opined that once the door was opened during discussion of rehabilitative potential, the prosecutor's solicitation of the information was proper. Thus, trial counsel's question properly clarified the foundational basis for Appellant's mother's opinion testimony. Id.

On appeal, the defense did not contest the accuracy of Appellant's mother's statement or the propriety of the military judge's question to his mother about "any substance abuse problems as far as alcohol." The Court of Criminal Appeals stated that, assuming the military judge did not open the door with that question, "other aspects of [Appellant's mother's testimony] brought out by the defense did make the Appellant's pre-service marijuana use proper rebuttal." United States v. Gorence, No. ACM S30296, 2004 CCA LEXIS 132, at *8, 2004 WL 1239172, at *3 (A.F. Ct. Crim. App. May 18, 2004). When the defense counsel asked Appellant's mother whether "appellant learned from his mistakes and whether he had rehabilitative potential," this "opened the door to other information challenging the foundation of her opinion." Id. It is "not significant" that this questioning was conducted by the trial counsel after the judge's questioning. Id. at *9, 2004 WL

7

United States v. Gorence, No. 04-0607/AF

1239172, at *3.  The court noted that in the trial by judge alone, the military judge is presumed to have based his sentence upon admissible evidence.  "The military judge made it clear he would not increase the punishment he imposed based upon" Appellant's mother's testimony.  Id. at *9-10, 2004 WL 1239172, at *4.

DISCUSSION

As to Issue I, we hold that Holt is distinguishable.  In Holt, the military judge had admitted into evidence certain sentencing exhibits and clearly ruled that the jury could not consider them for the truth of the matter asserted in the exhibits.  58 M.J. at 232.  But, the Court of Criminal Appeals considered these exhibits as substantive evidence.  In remanding Holt, the Court held that a court of criminal appeals "may not resurrect excluded evidence during appellate review under Article 66(c)."  58 M.J. at 232-33.  In Holt, the Air Force court's consideration of the exhibits as substantive evidence impermissibly changed the evidentiary nature of the exhibits. Id.  That is not what happened here.  In this case, the Air Force court did not resurrect any excluded evidence; rather, it found an alternative foundational basis for the rebuttal evidence considered by the military judge.

As to Issue II, we hold that, if there was error, it was harmless.  This was a trial by a military judge alone in which

8

Appellant's mother testified that her son had "a lot of integrity" but had "learned from his mistakes." Following this testimony, the military judge asked questions concerning Appellant's future life, his dreams, and what would happen if he left the Air Force. After the colloquy between the military judge and Appellant's mother, the trial counsel asked the questions that were the subject of the defense counsel's objection. While overruling the defense counsel's objection, the military judge responded, "[C]learly, I'm not going to impose any other punishment for experimental use in high school, but I will consider it in the context of everything else." Admittedly, this was not a clear statement as to how the military judge would use this evidence. In any event, any error was harmless because this was a trial by military judge alone, and from the statements made by the judge on the record, we may infer that he did not give significant weight to Appellant's mother's speculative testimony that Appellant used drugs in high school. For example, the military judge stated, "it was experimentation in a party-type environment in high school and that's it . . . . I am not going to impose any other punishment for experimental use in high school." Additionally, Appellant gave a detailed confession as to his use of cocaine, and the military judge recommended that Appellant be returned to duty.

Based on all of these facts, we affirm the decision of the United States Air Force Court of Criminal Appeals.

<u>United States v. Gorence</u>, No. 04-0607/AF

ERDMANN, J. (concurring in the result):

I agree that any error made by the military judge in admitting Gorence's mother's speculative testimony about her son's pre-service drug use was harmless. As to Issue I, in light of the lack of clarity in the military judge's ruling, I cannot be certain how he considered the mother's testimony, if at all. Consequently I cannot join in the majority's conclusion that the Court of Criminal Appeals "found an alternative foundational basis for the rebuttal evidence considered by the military judge." __ M.J. at __ (8). However, in light of the fact that the Court of Criminal Appeals found no prejudice "even if we were to assume there was error," I would affirm the decision below on that basis.