BAKER, Chief Judge
(concurring in the result):
I agree with the majority’s analysis regarding the threshold application of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Article 46, Uniform Code of Military Justice, (UCMJ), 10 U.S.C. § 846 (2006), to this ease. Pilago’s oral agreement with the prosecutor for a favorable clemency recommendation was clearly favorable and material to the defense. It should have been disclosed to Appellant, regardless of whether he expressly requested it, although he did, and regardless of whether Appellant knew Pilago had been convicted and sentenced for the same offense. However, unlike the majority, I would not rely on evidence that was not admitted, and potentially not admissible, in determining whether the failure to disclose was harmless beyond a reasonable doubt. Cf. United States v. Holt, 58 M.J. 227, 232 (C.A.A.F.2003) (“Article 66(c) limits the Courts of Criminal Appeals to a review of the facts, testimony, and evidence presented at the trial, and precludes a Court of Criminal Appeals from considering extra-record matters when making determinations of guilt, innocence, and sentence appropriateness.” (citations and internal quotation marks omitted)); United States v. Duffy, 3 USCMA 20, 23, 11 C.M.R. 20, 23 (1953) (holding that the military justice system does not “permit appellate reviewing authorities to cast beyond the limits of the record for ‘evidence’ with which to sustain a conviction.”); United States v. Whitman, 3 USCMA 179, 180, 11 C.M.R. 179, 180 (1953) (“look[ing] outside the record for evidence of guilt” is “reversible error”). In addition, I hesitate to assume that actual knowledge of a clemency agreement can never enhance the effectiveness of a cross-examination or closing statement.
First, the prior consistent statement made by Pilago was marked for identification only at the outset of trial. But it was neither admitted nor referred to at trial, nor discussed at the post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2006), session. See R.C.M. 1103(b)(3) (“The following matters shall be attached to the record: ... (B) Exhibits ... which were marked for and referred to on the record but not received in evidence.” (emphasis added)). The preliminary marking of a document for administrative convenience does not make that document part of the evidentiary record at trial or on appeal. Arguments can be made on both sides of the ledger as to whether this evidence might have come in, if it had been offered as evidence. But it was not offered, and therefore the military judge never conducted the necessary M.R.E. 401 and 403 analyses in order to admit the evidence. Nor was the matter appealed to this Court by either party. Therefore, it seems speculative, if not unfair, for this Court to now incorporate this prior statement into its harmless error analysis.
Second, an agreement to recommend clemency to a co-actor offers a qualitatively different opportunity to cross-examine and expose bias than does the knowledge alone that *190 a witness was a co-actor and might hope for clemency. Contrast United States v. Coleman, 72 M.J. 188 (C.A.A.F. 2013) (knowledge of an actual agreement with the witness “would not have affected either the defense counsel’s ability to cross-examine PFC Pilago or his closing argument.”). Disclosure of such an agreement would allow defense counsel to present evidence, and not merely argument, of a witness’s motive to testily for the government. The distinction could affect the outcome of a trial.
Nonetheless, I concur with the majority because there is no doubt that the disclosure would not have affected the outcome in this case. Among other things, the military judge instructed members on the inherent risks of relying on accomplice testimony. The victim, DD, testified and her testimony was substantiated by medical evidence. In addition, defense counsel cross-examined Pi-lago and thus was able to relate the military judge’s accomplice instruction to Pilago’s possible hope for clemency. Finally, Pilago’s bias would have been self-evident to members in a case of this sort.
Therefore, I concur with the majority’s finding that the erroneous failure to disclose the accomplice’s agreement with the SJA in this case was harmless beyond a reasonable doubt.